IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-130 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| JOSE DANIEL ZAZUETA-HERNANDEZ, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER TO MAINTAIN CUSTODY OF SEIZED PROPERTY

This case is before the Court on the Government's motion to maintain custody of seized property. (Doc. 461.) Defendants Vyacheslav "Slavik" Minyaylo and Tri-State Jewelers submitted a joint response in opposition, requesting that the Court deny the Government's motion and immediately return some of the seized assets. (Doc. 539.) The Government filed a reply in support, making this matter ripe for review. (Doc. 575.)

### FACTS

This matter is related to the investigation and prosecution of a large-scale drug trafficking organization ("DTO") that is believed to have smuggled cocaine, heroin, fentanyl, and methamphetamine into the United States for wide-spread distribution. The Government alleges that the "overall scope of the conspiracy. . . involves, among other things, hundreds of kilograms of cocaine and dozens of kilograms of fentanyl being trafficked in the Greater Cincinnati area." (Doc. 429.)

On November 13, 2019, the Government secured a search and seizure warrant for 630 Race Street, Cincinnati, OH 45202—the address of Tri-State Jewelers. Tri-State Jewelers, which is owned by Mr. Minyaylo, is alleged to have been one of, if not the primary, avenues the DTO used to conceal the proceeds of its illicit sale of narcotics (i.e., launder its money). The warrant provided a list of various "items to be seized," which included, in relevant part: (1) "other items reflecting . . . illegal activities of associates in drug trafficking and money laundering activities," and (2) "other items, obtained with the proceeds of the sales of controlled substances." (Doc. 539.) In executing the warrant, the Government seized a large quantity of jewelry, all of which is listed in Exhibit C of the Government's Bill of Particulars. (Doc. 459-3.)

From September 5, 2019 to December 2, 2019, the DEA seized additional assets from other defendants, which are also listed in the Bill of Particulars. (Doc. 459.)

In accordance with 18 U.S.C. § 983(a)(1), the DEA commenced administrative forfeiture proceedings by sending notice of the Government's intent to forfeit certain seized assets to potential claimants, and published that notice on the official government forfeiture website (www.forfeiture.gov). Several defendants filed claims contesting the administrative forfeiture. Under 18 U.S.C. § 983(a)(3), the United States therefore had 90 days from the filing of the claim in the administrative forfeiture proceeding to: (1) return the seized assets, (2) commence a civil judicial forfeiture action against the assets, (3) commence a criminal forfeiture action containing an allegation that the seized assets are subject to forfeiture, or (4) request an extension of time from the court. The Government elected the third option and obtained an indictment that

2

contained three general forfeiture allegations, which included lists of the seized assets that are subject to forfeiture in this case. (Doc. 53.)[1]

When the Government elects the third option—commencing a criminal forfeiture action—Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that the Government must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." The applicable criminal forfeiture statute here is 21 U.S.C. § 853. Although this statute prescribes several methods for preserving property for the purpose of criminal forfeiture (e.g., seek a restraining order, an injunction, or a warrant of seizure), § 853(e)(1) authorizes the court to "take any other action to preserve the availability of property" subject to forfeiture. *Id.*

In order to satisfy these two provisions—18 U.S.C. § 983(a)(3)(B)(ii)(II) and 21 U.S.C. § 853(e)(1)—the Government filed the present motion and requests that the Court issue a "housekeeping" order, which would allow the Government to continue to maintain custody of the seized assets until the criminal case is concluded. Defendants Tri-State Jewelers and Mr. Minyaylo filed a response in opposition requesting that the Court deny the Government's motion to maintain custody and immediately return the jewelry seized from Tri-State Jewelers.

## LAW

"Forfeiture provisions are powerful weapons in the war on crime." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 634 (1989). "They at once punish

---

[1] On June 3, 2020, the Government filed a Superseding Indictment (Doc. 483), which contains a longer, more detailed list of seized assets that are subject to forfeiture.

3

wrongdoing, deter future illegality, and 'lessen the economic power' of criminal enterprises." *Kaley v. United States*, 571 U.S. 320, 323, 134 S. Ct. 1090, 1094, 188 L. Ed. 2d 46 (2014) (citation omitted). "The Government also uses forfeited property to recompense victims of crime, improve conditions in crime-damaged communities, and support law enforcement activities like police training." *Id*. "Accordingly, there is a strong governmental interest in obtaining full recovery of all forfeitable assets." *Id*.

The forfeiture statute at issue here, 21 U.S.C. § 853, "mandates forfeiture of 'any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of' certain drug crimes." *Honeycutt v. United States*, 137 S. Ct. 1626, 1630 (2017) (*citing* 21 U.S.C. § 853.). The statute also mandates forfeiture of "any of the [defendant's] property used, or intended to be used . . . to commit, or to facilitate the commission of" the crime. 21 U.S.C. § 853(a)(2). If the defendant no longer has the property, the court "shall order the forfeiture of any other property of the defendant" as a substitute. *Id.* § 853(p)(1)–(2). Although a conviction is irrelevant in civil forfeiture proceedings, when the Government seeks criminal forfeiture, that action is dependent upon the defendant's conviction. *See generally Dobbins' Distillery v. United States*, 96 U.S. 395, 399 (1877); *see also United States v. Bonventre*, 720 F.3d 126, 132 (2d Cir. 2013); *Paret–Ruiz v. United States*, 827 F.3d 167, 174 (1st Cir. 2016).

## ANALYSIS

Defendants make two arguments in support of their response in opposition. First, they contend that the jewelry should be immediately returned under Fed. R. Crim. P. 41(g) because it was seized unlawfully, and the Government does not have an

4

ongoing interest in it. Second, they allege that the Government has failed to establish the requisite probable cause to maintain custody. Each argument is discussed below.

## I. Equitable relief under Fed. R. Crim. P. 41(g)

Defendants first seek return of the jewelry pursuant to Fed. R. Crim. P. 41(g), which provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." *Id.* This rule provides for the return of property if "(1) the person is entitled to lawful possession and (2) the seizure was illegal." Fed. R. Crim. P. 41(g), 1972 Amendments.

But the Sixth Circuit has stated that the "general rule [under Rule 41(g)] is that seized property, other than contraband, should be returned to the rightful owner *after* the criminal proceedings have terminated." *United States v. Francis*, 646 F.2d 251, 262 (6th Cir. 1981) (emphasis added). "If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable." Fed. R. Crim. P. 41(a) (Advisory Committee Notes to 1989 Amendments). Therefore, "[a] defendant's motion for return of property will be unavailing where the government has a continuing interest in the property." *Francis*, 646 F.2d at 263.

Here, the United States has already proffered its substantial continuing interest by alleging that the jewelry is forfeitable under 18 U.S.C. § 982(a)(1) as property directly involved in the money laundering conspiracy (Count 16). *See id.* § 982(a)(1) ("The court, in imposing sentence on a person convicted of an offense . . . shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."). And, it is "well-settled that the federal

5

government may defeat a Rule 41[(g)] motion by demonstrating that the property is subject to federal forfeiture." *United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996); *see also United States v. Bolze*, No. 3:09-CR-93, 2011 WL 7052800, at *2 (E.D. Tenn. Dec. 22, 2011) (*citing United States v. Nelson*, 190 F. App'x 712, 715 (10th Cir.2006) ( "the government has a legitimate interest in maintaining control of property relevant to the prosecution and sentencing of a defendant until his criminal proceedings are final").

Moreover, courts, including the Sixth Circuit, have expressly held that Rule 41(g) provides an equitable remedy that is not available where there is an adequate remedy at law. *See Brown v. United States*, 692 F.3d 550, 552–53 (6th Cir. 2012). And here, Defendants have an adequate remedy at law: pursuant to Fed. R. Crim. P. 32.2, Defendants may contest the forfeiture of the jewelry during the forfeiture phase of trial or after a finding of guilt. The same goes for any third-party wholesalers that Defendants' allege are the rightful owners of the jewelry. Although still in its early stages, when this case does eventually conclude—should the Defendants plea or are otherwise found guilty—an ancillary proceeding may commence pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c), in which third party claimants may assert their interest. *See Brown*, 692 F.3d at 552. This ancillary proceeding is a "third party's *only* avenue for protecting [their] interest . . . ." *Id.* (emphasis added).

Simply put, Defendants argument is premature. The criminal case against the Defendants is still pending. And the Government currently has a continuing interest in the jewelry. Defendants can dispute the lawfulness of the seizure later in this proceeding and can contest the forfeiture of the jewelry during the forfeiture phase of

6

trial or after a finding of guilty. But they are precluded from doing so now.

## II. Probable Cause

Defendants next argue that the jewelry should be immediately returned because the Government lacks the requisite "probable cause" to justify maintaining custody. According to the Defendants, this matter is controlled by two Supreme Court decisions: *United States v. Monsanto*, 491 U.S. 600 (1989) and *Kaley v. United States*, 571 U.S. 320 (2014). In *Monsanto*, the Supreme Court held that pretrial asset restraining orders, filed pursuant to 21 U.S.C. § 853(e)(1), are constitutionally permissible as long as there is probable cause to believe that the property at issue will ultimately be proved forfeitable. 491 U.S. at 615. The *Kaley* Court expounded upon *Monsanto* and provided a two-prong test for courts to use when making this determination. *Kaley*, 571 U.S. at 323-24. Defendants contend that the Government cannot satisfy this two-prong test and, accordingly, the Court must order the return the jewelry.

But both *Monsanto* and *Kaley* involved the government filing restraining orders to freeze assets that were still in the defendants' possession. Here, the Government is already in possession of the jewelry. They are not seeking a restraining order pursuant to 21 U.S.C. § 853(e)(1). Nor would one even be appropriate or necessary. *See United States v. Scarmazzo*, No. 1:06-CR-00342-AWI, 2007 WL 587183, at *3 (E.D. Cal. Feb. 22, 2007) (neither a seizure warrant nor a restraining order is appropriate when the property is already in the Government's possession); *United States v. Abrahams*, No. 12-CR-0639-JFM, 2013 WL 285719, at *2 (D. Md. Jan. 24, 2013) (same). Therefore, neither *Monsanto* nor *Kelly* apply.

7

Rather, the Government is merely seeking a "housekeeping" order pursuant to § 853(e)(1), which provides that "[u]pon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, *or take any other action to preserve the availability of property*." 21 U.S.C. § 853(e)(1) (emphasis added).  And when the Government already has custody of the property, as is the case here, "all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from th[e] Court stating that the United States . . . may continue to maintain custody of the seized assets until the criminal case is concluded." *Scarmazzo*, 2007 WL 587183 at *3.

Here, the Government represents that it has "taken the seized property into custody for the purpose of a criminal forfeiture action and that it will preserve the seized property until the criminal case, including criminal forfeiture proceedings, is resolved." (Doc. 461.)  Because the Government is already in possession of the seized assets, these representations satisfy the requirements for obtaining a "housekeeping" order.  *See, e.g., Scarmazzo*, 2007 WL 587183 at *3; *Abrahams*, 2013 WL 285719; *United States v. Standridge*, No. 3:07-cr-90, 2007 WL 2572207, at *2 (M.D. Fla. Sept. 5, 2007); *In re 2000 White Mercedes ML 320*, 220 F. Supp. 2d 1322, 1325-26 (M.D. Fla. 2001).

## CONCLUSION

Accordingly, Defendants' motion to immediately return the property is **DENIED WITHOUT PREJUDICE**.  Defendants may renew their motion when, and if, the matter becomes ripe.  **IT IS FURTHER ORDERED** that in applying for and obtaining this **ORDER**, the Government has satisfied the custody-preservation requirements of 18

8

U.S.C. § 983(a)(3)(B)(ii)(II).

**IT IS THEREFORE ORDERED** that the United States may maintain custody of the property that was seized for forfeiture in this case—including the jewelry seized from Tri-State Jewelers—pending the conclusion of this case, related forfeiture proceedings, and any ancillary proceeding in which any third party with an interest in the property may file a claim contesting its forfeiture pursuant to 21 U.S.C. § 853(n).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND